IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
GREENVILLE DIVISION

| | | |
|---|---|---|
| Joshua Lynn Robinson, | ) | Case No 6:25-cv-04203-DCC |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **ORDER** |
| | ) | |
| Kevin McDonald, | ) | |
| | ) | |
| Defendant. | ) | |
| _____ | ) | |

This matter is before the Court on Plaintiff's motion for leave to proceed in forma pauperis ("ifp"). ECF No. 2. In accordance with 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B)(2) (D.S.C.), this matter was referred to United States Magistrate Judge William S. Brown for pre-trial proceedings and a Report and Recommendation ("Report"). On June 10, 2025, the Magistrate Judge issued a Report recommending that the motion for leave to proceed ifp be denied. ECF No. 17. The Magistrate Judge advised Plaintiff of the procedures and requirements for filing objections to the Report and the serious consequences if he failed to do so. Since the issuance of the Report, Plaintiff has filed seven documents. ECF Nos.19, 21, 22, 23, 24, 25, 26.

## **APPLICABLE LAW AND ANALYSIS**

The Magistrate Judge makes only a recommendation to this Court. The recommendation has no presumptive weight, and the responsibility to make a final determination remains with the Court. *See Mathews v. Weber*, 423 U.S. 261 (1976). The Court is charged with making a de novo determination of any portion of the Report of the

Magistrate Judge to which a specific objection is made.  The Court may accept, reject, or modify, in whole or in part, the recommendation made by the Magistrate Judge or recommit the matter to the Magistrate Judge with instructions.  *See* 28 U.S.C. § 636(b).  The Court will review the Report only for clear error in the absence of an objection.  *See Diamond v. Colonial Life & Accident Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005) (stating that "in the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." (citation omitted)).

Out of an abundance of caution for a pro se party, the Court has thoroughly reviewed all of Plaintiff's filings and considered them in ruling on this action.  Upon de novo consideration of the record in this case, the applicable law, and the Report of the Magistrate Judge, the Court agrees with the recommendation of the Magistrate Judge.  Plaintiff, an incarcerated person proceeding pro se, has previously filed at least three cases which qualify as a strike under the Prison Litigation Reform Act, 29 U.S.C. § 1915(g) ("PLRA").  He therefore cannot proceed in forma pauperis unless he satisfies the exception for "imminent danger of serious physical injury" provided by the three-strikes rule.  *See id.*; *Torres v. O'Quinn*, 612 F.3d 237, 246 (4th Cir. 2010).  In some of his filings, Plaintiff makes allegations regarding his hand, which was injured during his arrest, and generally states that he is in danger.  ECF Nos. 19, 25, 26.  The Court agrees with the Magistrate Judge that Plaintiff's allegations are cursory and unrelated to the allegations in his complaint.  *See Hall v. United States of America*, 44 F.4th 218 (4th Cir. 2022) (holding that "the district court must determine whether these allegations are supported

2

by the record and whether they rise to the level of imminent danger"). Accordingly, the Court adopts the Report of the Magistrate Judge and denies Plaintiff's motion for leave to proceed ifp.

## **CONCLUSION**

Accordingly, the Court adopts the recommendations of the Magistrate Judge. Plaintiff's motion to proceed in forma pauperis [2] is **DENIED**. Plaintiff is **DIRECTED** to pay the full filing fee $405[1] within 21 days of the date of this Order. If Plaintiff chooses not to pay the filing fee by that time, this matter shall be dismissed without prejudice pursuant to 28 U.S.C. § 1915(g). Plaintiff's remaining pending motions [22, 23, 25] are held in abeyance and will be further considered if Plaintiff pays the filing fee.[2]

IT IS SO ORDERED.

s/ Donald C. Coggins, Jr.<br>United States District Judge

October 21, 2025
Spartanburg, South Carolina

---

[1] Effective May 1, 2013, an administrative fee of $50 was added to the filing fee of $350. On December 1, 2023, the administrative filing fee increased to $55. Any check for the filing fee should be made payable to "Clerk, U.S. District Court."

[2] Plaintiff is informed that any documents submitted by Plaintiff after today will be reviewed but will not receive a response unless deemed necessary by either the Magistrate Judge or the undersigned.

3